### COCKS et al. v. HAVILAND et al.

*(Supreme Court, General Term, Second Department.* May 12, 1890.)

EXECUTORS AND ADMINISTRATORS—DEFAULT OF CO-EXECUTORS.

Where one of several executors, who was also a beneficiary under the will, but who did not take an active part in the management of the estate, accepts her share with knowledge of the non-execution of a trust created by the will, and without making any effort to compel its execution, she is guilty of such neglect of duty as will render her personally responsible for the consequences, though she is not otherwise at fault.

Appeal from special term, Kings county.

Action by George Cocks and others, as children of David Cocks, against Phebe C. Haviland and Daniel E. Haviland, to recover plaintiffs' share of the residuary estate of John Cocks. The court dismissed the complaint as to Daniel E. Haviland, and rendered judgment against Phebe C. Haviland on the ground that, by her neglect to perform her duty as executrix of said John Cocks, she became personally liable to plaintiffs; and from this judgment she now appeals. For former reports, see 1 N. Y. Supp. 904; 7 N. Y. Supp. 870, 871; *ante*, 462.

Argued before BARNARD, P. J., and PRATT, J.

*Thomas Nelson,* for appellant. *Daniel G. Rollins,* for respondents.

BARNARD, P. J. By the will of John Cocks, one-fifth of the residue of his estate was directed to be invested by the executors of the will upon bond and mortgage, and the income thereof paid to David Cocks during his life. After the death of David Cocks, this share was given to the children of David Cocks equally. There were seven executors named in the will, and all qualified. The estate was quite large, and the active management of the estate was left to the testator's son, Harrison Cocks, and to George J. Barlow, son-in-law of the testator. The executors did not execute the will in respect to an investment for the widow. The will directed an investment of a sum sufficient to produce $1,000 yearly for the widow, and this was to be on lands in Westchester county. The executors actually invested $10,000 at 10 per cent., in Wisconsin, for this purpose. The investment for the children of David Cocks, beyond the sum of $1,500, was was never made at all. The two active executors failed, and the share of David Cocks, beyond the $1,500, is wholly lost.

The appellant, Mrs. Haviland, has received over $20,000 for her share of the estate. Is she liable to the children of David for their one-fourth of the estate? The two principles are firmly established by the court of appeals in respect to the liability of executors for the default of a co-executor. One class of cases holds that an executor is not responsible for the negligence of another executor unless he aided or concurred therein. Another class of cases holds that where a trust is committed to more than one executor, and the whole management is left to one, the non-active executors are liable for a neglect of duty. *Remington* v. *Walker,* 99 N. Y. 626, 1 N. E. Rep. 305; *Earle* v. *Earle,* 93 N. Y. 104; *Wilmerding* v. *McKesson,* 103 N. Y. 329, 8 N. E. Rep. 665. In this case the evidence shows neglect of duty equally resting on all the executors. The appellant knew the neglect of duty in respect to the widow's investments, and took no steps to compel a performance of the trust. She

took no steps to compel an investment of the share of David's children. She took her own share of the estate after she knew of the non-execution of the trust. This was such a neglect of duty as subjects her to liability, although she otherwise is not in fault. The surrogate's decree of November, 1887, reserves the rights of the present plaintiffs against the appellant as executrix. The application by the plaintiffs subsequently made to open this decree was denied. The subsequent decree, in June, 1889, did not discharge the appellant as one of the executors of John Cocks, deceased. The case is one where the cause of · action accrued at the settlement of the executors' account, judicially. Code, § 1819. This was settled in November, 1887. This action was commenced in 1889. The judgment should therefore be affirmed, with costs.